IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

|  |  |  |
|---|---|---|
| KULDEEP SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1162 |
| | ) | |
| ALBERTO GONZALEZ, | ) | |
| ATTORNEY GENERAL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

This matter comes before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2000). Petitioner entered the United States at or near the Los Angeles, California International Airport on April 7, 1996. Petitioner then remained in the United States after the business visa that he used to enter the country expired on May 6, 1996. On August 12, 1997, Immigration Judge Marilyn J. Teeter held removal proceedings against Petitioner. The proceedings were held in absentia because Petitioner failed to appear, despite the fact that he had been notified of the proceedings. At those proceedings Immigration Judge Teeter ordered Petitioner removed from the United States to India. However, Petitioner remained in the United States and was arrested by U.S. Immigration and Customs Enforcement (ICE) agents on March 17, 2005, in Sterling,

Virginia. Petitioner has been in ICE custody since his arrest.

The Attorney General has ninety days to remove an alien from the United States once the alien is ordered removed. 8 U.S.C. § 1231(a)(1)(A). However, § 1231(a)(1)(B) provides that this ninety-day removal period does not begin to run until the date of a court's final order when the removal order is judicially reviewed and a "court orders a stay of the removal of the alien." 8 U.S.C. § 1231(a)(1)(B)(ii). Section 1231(a)(6) provides that an alien ordered removed, who has been determined by the Attorney General to be unlikely to comply with the removal order, may be detained beyond the removal period. The Supreme Court has clarified that an alien may not be detained indefinitely under § 1231(a)(6), but that § 1231(a)(6) only authorizes detention beyond the removal period for a "period [of time] reasonably necessary to secure removal." Zadvydas v. Davis, 533 U.S. 678, 699 (2001). Furthermore, the Supreme Court has held that six months is a "presumptively reasonable period of detention" under § 1231(a)(6). Id. at 701.

Petitioner previously filed a Petition for Writ of Habeas Corpus (May Petition) in this Court on May 17, 2005. Petitioner's May Petition was transferred to the Ninth Circuit Court of Appeals on May 24, 2005. Upon transfer, the Ninth Circuit entered a stay of Petitioner's removal order that was not lifted until November 9, 2005, when the Ninth Circuit dismissed Petitioner's

May Petition. Also, on October 6, 2005, Petitioner filed an appeal of his removal order with the Board of Immigration Appeals. That appeal is still pending and there is no evidence before this Court that the Board of Immigration Appeals has or has not entered a stay of Petitioner's removal order.

If the Board of Immigration Appeals has in fact entered a stay of Petitioner's removal order then Petitioner's removal period has not begun because his removal order has been stayed pursuant to judicial review. See 8 U.S.C. § 1231(a)(1)(A)(ii). However, as there is no evidence of such a stay before the Court, such a finding cannot be made. Nevertheless, as the stay entered by the Ninth Circuit was not lifted until November 9, 2005, Petitioner's removal period would at best have begun on November 9, 2005, and ended on February 8, 2006. In light of Petitioner's failure to appear for his removal proceedings and his failure to leave the United States from August 12, 1997, the date of his removal order, to March 17, 2005, the date of his arrest, the Attorney General has determined that Petitioner is unlikely to comply with the removal order. This determination renders Petitioner's detention by ICE presumptively reasonable for six months after February 8, 2006. Therefore, it appearing to the Court that Petitioner's detention by ICE is lawful and that his continued detention is presumptively reasonable until August 8, 2006, it is hereby

ORDERED that Petitioner's Petition for a Writ of Habeas Corpus is DENIED.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 10, 2006